**Fill in this information to identify the case:**

Debtor Name __Dana A. Grondin and Stacie L. Blouin-Grondin__

United States Bankruptcy Court for the: _____ District of __Maine__
(State)

Case number: __17-20490__

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    12/17

[ Dana A. Grondin and Stacie L. Blouin-Grondin ]'s **Plan of Reorganization, Dated** [ August 6, 2019 ]

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Dana A. Grondin and Stacie L. Blouin-Grondin (the *Debtors*) from what is referred to herein as "Plan Cash." During the pendency of the Plan, the Debtors shall make periodic payments into Debtors' Counsel's Chapter 11 Trust Account totaling $180,000.00 ("Plan Cash"), and such funds shall be distributed to creditors in a total of eight (8) distributions: an Initial Distribution and seven (7) subsequent Annual Distributions, as shown on the projections set forth in Exhibit 1 attached hereto.

This Plan provides for:
- 1 class of priority claims;
- 5 classes of secured claims;
- 1 class of non-priority unsecured claims; and
- 1 class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 7.5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | |
|---|---|
| 2.01 Class 1 ............................... | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). **N/A** |
| 2.02 Class 2 ................................. | The claim of CIT Bank, N.A. f/k/a OneWest Bank, N.A., to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 Class 3 .................................. | The claim of Credit Acceptance Corporation, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 Class 4 .................................. | The claim of Mid Coast Hospital, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 Class 5 .................................. | The claim of Westlake Financial Services, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 Class 6 .................................. | The claim of Worldwide Asset Purchasing, LLC, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.07 Class 7 .................................. | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.08 Class 8 ................................. | The Interests of the Individual Debtors in Property of the Estate. This class shall consist of the interests of Debtor 1, Dana A. Grondin, and Debtor 2, Stacie L. Blouin-Grondin, in property of the estate. |

Debtor Name   Dana A. Grondin and Stacie L. Blouin-Grondin            Case number  17-20490

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under Code § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors. Counsel to the Debtors shall be paid Counsel Fees as an administrative expense claim, including without limitation from the Initial Distribution, and from the 1st, 2nd, 3rd, 4th, 5th, 6th, and 7th Annual Distributions, as specified in Exhibit 1 of the Plan attached hereto, subject to Court order(s) approving such fees. Counsel reserves the right to petition the Court for additional award(s) of accrued, unpaid fees and expenses as the needs of this matter dictate. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim pursuant to 11 U.S.C. § 507(a)(8) will be paid the total value of their respective Priority Unsecured Claim via installment payments made in cash, consistent with § 1129(a)(9)(C) of the Code. The IRS shall receive installment payments in the 1st and 2nd Annual Distributions, as provided in Exhibit 1 attached hereto. The Debtors shall make periodic payments to be held in escrow toward the amounts owed to the City of Bath and Bath Water District; the City of Bath and Bath Water district shall receive payment of the total value of their respective Priority Unsecured Claims in the 2nd Annual Distribution, as provided in Exhibit 1 attached hereto. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment? | Treatment |
|---|---|---|
| Class 1 - Priority Claims excluding those in Article 3 | Unimpaired | N/A |
| Class 2 - Secured Claim of CIT Bank, N.A. f/k/a OneWest Bank, N.A. | Unimpaired | Claim of $393,896.20 is fully secured by Debtors' primary residence. Debtors shall continue making regular monthly payments directly to creditor (the current monthly payment amount is $1,424.11, although said amount can change going forward if escrow amount changes). Arrears of $41,516.83 to be cured using Plan Cash as provided in Exhibit 1 of the Plan attached hereto. |
| Class 3 - Secured Claim of Credit Acceptance Corporation | Unimpaired | Debtors shall continue making regular monthly payments directly to creditor (the current monthly payment amount is $424.07) until claim (current balance is $3,578.82) is paid in full. |
| Class 4 - Secured Claim of Mid Coast Hospital | Impaired | Secured claim of $6,959.19 to be paid in full using Plan Cash as provided in Exhibit 1 of the Plan attached hereto. |
| Class 5 - Secured Claim of Westlake Financial Services | Unimpaired | Debtors shall continue making regular monthly payments directly to creditor (the current monthly payment amount is $402.51) until claim (current balance is $1,285.94) is paid in full. |
| Class 6 - Secured Claim of Worldwide Asset Purchasing, LLC | Impaired | Secured claim of $16,225.73 to be paid in full using Plan Cash as provided in Exhibit 1 of the Plan attached hereto. |
| Class 7 - Non-priority Unsecured Creditors | Impaired | Holders of Allowed Non-priority Unsecured Claims will receive pro rata distributions from Plan Cash after payment of Counsel Fees as provided in Exhibit 1 of the Plan attached hereto. |
| Class 8 - The Interests of the Individual Debtors in Property of the Estate | Unimpaired | Debtors are not taking a distribution under this Plan. Upon entry of the confirmation Order, all property of the Debtors shall vest in the Debtors, free and clear of all liens, claims, and encumbrances, except to the extent provided in this Plan. |

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br><br>(i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |

Debtor Name  Dana A. Grondin and Stacie L. Blouin-Grondin     Case number 17-20490

| | | |
|---|---|---|
| 5.03 | **Settlement of disputed claims** | The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtors assume, and if applicable assign, the following executory contracts and unexpired leases as of the effective date:<br><br>N/A |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtors will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The Debtors shall have adequate means for implementation of this Plan pursuant to 11 U.S.C. § 1123(a)(5) by: (a) income generated by the Wood Finish Plus general contracting business of Debtor Dana A. Grondin; (b) income generated by the employment as a chef at Portland Yacht Club of Debtor Stacie L. Blouin-Grondin; (c) the assumption and/or rejection of executory contracts and unexpired leases, as approved by the Court and provided for in this Plan; and, (d) any other funds generated or received by the Debtors and not allocated or paid pursuant to this Plan that may become available. Upon entry of the Confirmation Order, all property of the Debtors' estate shall vest in the Debtors, free and clear of all liens, claims and encumbrances, except to the extent provided in the Plan, pursuant to Code section 1141(b).

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Debtor Name  Dana A. Grondin and Stacie L. Blouin-Grondin           Case number  17-20490

| [8.06] | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Maine govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
|---|---|---|
| [8.07] | **Corporate governance** | N/A |

[8.08] **Retention of Jurisdiction**

To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following purposes:

(a) to consider and approve any amendment, modification or correction of the Plan, subject to the restrictions set forth in Bankruptcy Code Section 1127 and any modification of the Confirmation Order;
(b) to hear and determine all Fee Claims and all objections filed by the Debtor with respect to Claims other than Fee Claims;
(c) to hear and determine all adversary proceedings, contested matters, or other actions commenced in the Bankruptcy Court by the Debtor against any party and pertaining to any matter, including, without limitation, proceedings for recovery of assets or avoidance of obligations or liens under Sections 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code, proceedings relating to the assumption or rejection of Executory Contracts and Unexpired Leases, and proceedings relating to the enforcement by any creditor of any remedy against the Debtor;
(d) to hear and determine any disputes arising under the Plan, its implementation and the execution of any necessary documents thereunder;
(e) to grant extensions of any deadlines set forth in the Confirmation Order as may be appropriate;
(f) to enforce all injunctions and stays granted under this Plan or the Bankruptcy Code, and to enforce the discharge provisions of the Bankruptcy Code and the Plan; and,
(g) to make such Orders as are necessary and appropriate to carry out and implement the provisions of the Plan.

### Article 9: Discharge

Check one box.

9.01 [✓] **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

[ ] **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

[ ] **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

   (i)  imposed by this Plan; or

   (ii) to the extent provided in § 1141(d)(6).

[ ] **No discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Debtor Name  Dana A. Grondin and Stacie L. Blouin-Grondin                    Case number  17-20490

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

N/A

Respectfully submitted,

_Dana A Grondin_ (signature)  
[Signature of the Plan Proponent]

Dana A Grondin  
[Printed Name]

_Stacie Blouin-Grondin_ (signature)  
[Signature of the Plan Proponent]

Stacie Blouin-Grondin  
[Printed Name]

_Christopher J. Keach_ (signature)  
[Signature of the Attorney for the Plan Proponent]

Christopher J. Keach, Esq.  
[Printed Name]